UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

LESTER HICKS,

                Petitioner,

v.

UNITED STATES OF AMERICA,

                Respondent.

Civil Action No: 24-7662 (SDW)

**WHEREAS OPINION**

January 14, 2025

**WIGENTON**, District Judge.

    **THIS MATTER** having come before this Court upon *pro se* Petitioner Lester Hicks's ("Petitioner") motion for the appointment of counsel (ECF No. 5); and

    **WHEREAS** Petitioner seeks counsel to assist him in pursuing his amended motion to correct, vacate, or set aside his federal sentence pursuant to 28 U.S.C. § 2255 ("Amended Motion"). (ECF No. 8). There is no right to counsel in post-conviction proceedings. *See Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991), *superseded on other grounds by statute*, 28 U.S.C. § 2254. However, 18 U.S.C. § 3006A(a)(2)(B) provides that the Court has discretion to appoint counsel for financially eligible petitioners where "the court determines that the interests of justice so require ... ." As Petitioner was represented by CJA counsel in the original proceedings, the Court presumes he is financially eligible under the statute; and

    **WHEREAS** the Third Circuit explained that a court "must first decide if petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court. Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the *pro se* petitioner's ability to investigate facts and present claims." *Reese*, 946 F.2d at 263-64; and

**WHEREAS** Petitioner argues that his trial counsel was ineffective and that his guilty plea should be vacated in light of the Supreme Court's decision in *Rehaif v. United States*, 588 U.S. 225 (2019).  (ECF No. 8 at 5-8); and

**WHEREAS** the Court reviewed the Amended Motion and concluded that the United States should file an answer.  (ECF No. 9).  Therefore, the Amended Motion is not frivolous on its face; and

**WHEREAS** the United States's answer is due February 11, 2025.  (ECF No. 17).  The Court cannot assess the complexity of the factual and legal issues in the case until briefing is complete; and

**WHEREAS** the Court will deny the motion for counsel without prejudice.  Petitioner may file a new motion for counsel after the United States files its answer.  The Court reserves the right to reconsider this decision *sua sponte* should the interests of justice require.

An appropriate order follows.

_____
**SUSAN D. WIGENTON, U.S.D.J.**

2